## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-140-JPG |
| | ) |
| XAVIER D. BLACKBURN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for the alleged violation of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

Briefly, Plaintiff alleges that on February 20, 2008, he was involved in a fight with several inmates. After the fight, Plaintiff claims he was beaten and kicked in the head and side by Defendants Blackburn, Scott, and McPeak. Plaintiff further alleges that he was not resisting these officers and that some of the blows were struck after Plaintiff had been retrained in handcuffs. As a result of these acts, Plaintiff alleges that he suffered pain and blood in his urine. Additionally, Plaintiff alleges that Defendant Blackburn placed him in cell with prisoners who were not handcuffed and shackled while Plaintiff was both handcuffed and shackled.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into **two** counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Blackburn, Scott, and McPeak for allegedly using excessive force against him in violation of Plaintiff's Eighth and Fourteenth Amendment rights.
>
> **COUNT 2:** Against Defendant Blackburn for subjecting Plaintiff to excessive risk of harm in the form of an attack by other inmates for placing Plaintiff, who was handcuffed and shackled, in a cell with prisoners who were not handcuffed and shackled, in violation of Plaintiff's Eighth and Fourteenth Amendment rights.[1]

## DISCUSSION

---

[1] Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Upon careful review of the complaint and the supporting exhibits, the Court finds that Plaintiff's claims against Defendants Blackburn, Scott, and McPeak should not be dismissed at this point in the litigation. Plaintiff's claims against Defendant St. Clair County Sheriff's Department, however, should be dismissed pursuant to 28 U.S.C. § 1915A.

Under § 1983, plaintiff may only proceed against defendants who personally participated in a violation of his constitutional rights. "A defendant cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation." *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1979); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff sues the St. Clair County Sheriff's Department, but the court doubts that entity is a person subject to suit under § 1983. Even so, the St. Clair County Sheriff's Department is not automatically liable under § 1983 for the wrongdoing of its employees. The doctrine of *respondeat superior* has no applicability in § 1983 cases, and it is well settled that a local government entity may not be held vicariously liable under § 1983 for the actions of its employees, unless the employees acted pursuant to a policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff makes no allegation that Defendants Blackburn, Scott, McPeak or anyone else acted pursuant to an official policy or custom. His claims against the St. Clair County Sheriff's Department, therefore, are inadequate.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's claims against the St. Clair County Sheriff's Department are **DISMISSED**, with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants

**BLACKBURN, SCOTT, and McPEAK**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BLACKBURN, SCOTT, and McPEAK** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: July 9, 2008.**

                  **s/ J. Phil Gilbert**
                  **U. S. District Judge**