# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MONTGOMERY, | ) |
| Plaintiff, | ) |
| VS. | ) CV NO. 08-140-JPG-PMF |
| XAVIER D. BLACKBURN, S. McPEAK, and MATTHEW SCOTT, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendants' motion to dismiss for lack of prosecution (Doc. No. 19). The motion is not opposed.

When this civil rights action was filed, plaintiff was a detainee of the St. Clair County Jail. The Court construed Plaintiff's complaint as asserting two § 1983 claims: (1) excessive use of force, in violation of the Eighth and Fourteenth Amendments; and (2) exposure to excessive risk of harm in violation of the Eighth and Fourteenth Amendments. Claims against St. Clair County Sheriff's Department have been dismissed with prejudice (Doc. No. 5).

Plaintiff left the St. Clair County Jail in April, 2008. He did not participate in this litigation until January, 2009.

Civil litigants have a continuing obligation to keep the Court and opposing parties informed of address changes. SDIL - L.R. 3.1(b). Plaintiff did not provide a current address to the Clerk or defense counsel. Mail sent by the Clerk was returned undelivered on two occasions (Doc. Nos. 8, 17). Without plaintiff's participation, the defendants have been unable to evaluate plaintiff's claim or prepare a defense.

A possible address was recently obtained by the Court after consulting records indicating that plaintiff was in the custody of the Bureau of Prisons. The BOP's inmate locator service was used to obtain a prison address, which appears to be current.

On January 16, 2009, plaintiff was ordered to show cause why this action should not be dismissed for lack of prosecution. A response, due by January 30, 2009, was not filed..

Over the past seven months, plaintiff's sole effort to participate in this case is a recent motion seeking appointment of counsel (Doc. No. 22). Because plaintiff did not describe any effort to locate and retain counsel and did not explain why that effort could not be made, the motion was denied as premature.

The circumstances outlined above strongly indicate that plaintiff has no interest in prosecuting his remaining claim in accordance with the rules and orders of the Court.

**IT IS RECOMMENDED** that the motion to dismiss (Doc. No. 19) be GRANTED. Plaintiff's remaining § 1983 claims should be dismissed for lack of prosecution.

**SUBMITTED: February 19, 2009.**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**